IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LOGAN BRAINERD                                                                                    PLAINTIFF

v.                                          Civil No. 4:24-cv-04081

SHERIFF CHAD WARD, *et al*                                                         DEFENDANT

## REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickory, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Before the Court is a Plaintiff's failure to comply with orders of the Court.

**A.  Instant Complaint**

Plaintiff has submitted a Complaint for filing, together with Motion for Leave to Proceed *in forma pauperis* (IFP). ECF No. 1 and 6.  On August 22, 2024, this Court entered an order denying Plaintiff's Motion for Leave to Proceed IFP.  ECF No. 7.  This finding was based on the review the IFP application which showed Plaintiff had net monthly income of $2,000.00. The Court further Ordered Plaintiff to pay the filing fee of $405.00 within twenty (20) days of the date of this Order.  *Id.*  Plaintiff was informed that failure to pay the $405.00 filing fee would result in dismissal of this action.  *Id.*  On August 26, 2024, Plaintiff filed a Motion for Reconsideration of the Order denying his Motion for Leave to Proceed IFP.  ECF No. 8.  This Motion was denied by Text Entry on August 27, 2024.  ECF No. 9.  Plaintiff has not paid the $405.00 filing fee.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a

1

case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

B.  **Other Cases**

Plaintiff filed two prior cases in this Court which seem to involve the same allegations as those in the instant Complaint. In those cases, *Brainerd v. Sheriff Chad Ward, et al*, No. 4:23-cv-4066 and *Brainerd v. Sheriff Chad Ward, et al*, No. 4:23-cv-4067, Plaintiff names all of defendants named in the instant case as well as several others. While the complaints are not models of clarity, they all seem to be based on the same set of operative facts. These two prior complaints were dismissed for failure to state a claim upon which relief can be granted. Plaintiff appealed both cases to the United States Court of Appeals for the Eighth Circuit which summarily affirmed the dismissal of both cases. *See, Brainerd v. Ward*, 2024 WL 3491251 (8th Cir. February 15, 2024)(not reported) and *Brainerd v. Ward*, 2024 WL 3530145 (8th Cir. February 15, 2024)(not reported).

Additionally, Plaintiff has now filed a fourth complaint, identical to the instant case, in a new proceeding *Brainerd v. Sheriff Chad Ward, et al*, No. 4:24-cv-4108. This new complaint alleges the same conduct against the same defendants as the instant case. In this new case he has again failed to comply with the Orders of this Court. A separate Report and Recommendation will be entered addressing Plaintiff's failures there.

Plaintiff has failed to comply with the Court's order, and therefore, pursuant to Federal Rule of Civil Procedure 41(b), I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITH PREJUDICE.**

The Court further recommends, because of the Plaintiff's continued disregard of this Court's Orders and his continued effort to pursue claims that have been previously dismissed, that Plaintiff be barred from filing any further case in this District without submitting the required filing fee at the time of the submission of the proposed complaint.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **13th day of November 2024**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

3